**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EDDIE VAN OLIVER, III,        ) | |
| ) | |
| ) | |
| ) | |
| Plaintiff,        ) | |
| ) | Civil Action No. 1:25-cv-04075 (UNA) |
| v.        ) | |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, et al.,   ) | |
| ) | |
| Defendants.        ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint

("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP App."),

ECF No. 2.  As discussed below, the Court denies Plaintiff's IFP Application, and it dismisses this

case without prejudice for failure to comply with minimal pleading standards, *see* Fed. R. Civ. P.

8(a), and for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

At the outset, the Court denies Plaintiff's IFP Application.  Parties instituting a civil action

are required to pay the applicable filing fee, 28 U.S.C. § 1914(a), unless granted IFP status under

§ 1915.  Whether to permit or deny an application to proceed IFP is within the sound discretion of

the Court.  *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988), *cert. denied*, 488 U.S. 941

(1988); *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

An individual need not "be absolutely destitute to enjoy the benefit of the [IFP] statute." *McKelton*

*v. Bruno*, 428 F.2d 718, 719 (D.C. Cir. 1970) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*,

335 U.S. 331, 339 (1948)).  But a party should demonstrate that because of poverty, the party

cannot "pay or give security for the costs . . . and still be able to provide [for] the necessities of

life." *Id*. at 719–20 (internal quotation marks omitted).  "[C]ourts will generally look to whether

the person is employed, the person's annual salary, and any other property or assets the person may possess." *Lin v. Dist. of Columbia*, No. 16-cv-645, 2020 WL 7695973, at *1 (D.D.C. Dec. 28, 2020) (citation omitted).

Although Plaintiff attests that he is not currently earning any income, that he pays monthly rent and utilities, and that he owes student loan debt, and is responsible for three dependents, he also attests that he possesses nearly $185 million dollars in stocks and other assets. *See* IFP App. at 1–2. Accordingly, he has not made the requisite showing to proceed IFP, and his Application is denied.

With respect to the Complaint, Plaintiff, a resident of Ohio, sues approximately 16 defendants, including the United States, various federal agencies, the U.S. Marine Corps, countries, continents, the National Football League, and other individuals. *See* Compl. at 1–2. The Complaint totals 439 pages, including prolific accompanying unexplained exhibits, ECF Nos. 1-1 through 1-26, thus contravening D.C. Local Civil Rule 5.1(e), (g). Despite its length, the allegations themselves are sparse, ambiguous, and difficult to discern. Plaintiff alleges merely that the Marine Corps failed in its duty when it "failed to court martial Kim Yarboro before retirement for eradication and civil war . . . this could have been prevented had she been arrested at the Marine Cor[ps] site prior to her declaration of civil war." *See* Compl. at 3. The relief sought is unclear from the pleading, but per the civil cover sheet, ECF No. 1-1, it appears that Plaintiff demands $100 million in damages, *see id*. at 1.

First, *pro se* litigants must comply with the Federal and Local Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Federal Rule 8(a) requires a

complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that respondents receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Plaintiff's vague allegations fall well short of providing notice of any claim or establishing this Court's subject matter jurisdiction, or Plaintiff's entitlement, if any, to damages.

Second, even if Plaintiff's allegations were clearer, insofar as he challenges the Marine Corps' alleged failure to arrest someone or to hold a court-martial, this Court lacks jurisdiction. The Marine Corps, like all military branches, has absolute discretion, under the Uniform Code of Military Justice, in executing an arrest, or convening a court martial, and those determinations are not subject to judicial review. *See U.S. v. Humphrey*, 47 C.M.R. 863, 866 (N.M.C.M.R. 1973) ("It is well settled that a[n] [armed forces'] convening authority has the unfettered and absolute discretion in referring a case to trial before a court-martial he deems appropriate," and "it is not only the prerogative but the duty of the convening authority to exercise his own independent judgment in determining whether charges shall be referred for trial and to which court they shall be referred.") (citation omitted); *see also* 10 U.S.C. §§ 803, 807, 809, 817–35, *et seq*.

As aptly explained by a court in this District, in *See Leal v. Myer*, No. 87–1263, 1987 WL 19625, at *1 (D.D.C. Oct. 30, 1987) (citing *Curry v. Secretary of the Army*, 595 F.2d 873, 878 (D.C. Cir. 1979)):

> General courts-martial are judicial tribunals that try members of the Armed Forces who are charged with violations of the Uniform Code of Military Justice (UCMJ). Much as in the normal criminal justice system, there is discretion vested upon the convening authority to determine whether and

when to proceed with charges in such a forum. Prosecutorial discretion may be essential to efficient use of limited supplies and manpower. . . It is not the role of this civilian court to determine whether a particular exercise of prosecutorial discretion was correct, or even wise. Thus, the [military branch's] decision not to conduct an investigation of the charges leveled by the plaintiff cannot be disturbed.

Indeed, this jurisdictional prohibition is "strengthened further by the operation of 5 U.S.C. § 701, which establishes jurisdiction for judicial review of administrative actions. That statute specifically exempts from review actions by courts-martial and military commissions." *Id.* (citing 5 U.S.C. § 701(b)(1)(F). Accordingly, this Court cannot exert subject matter jurisdiction over any such challenge. *See id*.

For these reasons, the Complaint, ECF No. 1, and this case, are dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date: March 12, 2026

*Tanya S. Chutkan*

TANYA S. CHUTKAN
United States District Judge